IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1095-BO-RN

| | |
|---|---|
| MARK ANDRE LAMB, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMPSON COUNTY CHILD )<br>PROTECTIVE SERVICES and ERICKA )<br>HERRING, )<br>)<br>Defendants. ) | ORDER |

This cause comes before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. The time for filing a response has expired, and plaintiff has failed to respond to the motion to dismiss. In this posture, the motion is ripe for disposition. For the reasons that follow, defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff, who proceeds *pro se*, instituted this action by filing a complaint against defendants on June 11, 2025. [DE 1]. In his complaint, plaintiff alleges that his temporary custody or guardianship of his grandson was removed in violation of his civil rights. In support, plaintiff alleges that a Child Protective Services (CPS) employee named Erica [sic] asked him how much money he made, whether he was selling drugs, the status of his mental state, and how he treated his grandson.

Plaintiff's complaint was allowed to proceed *in forma pauperis*. [DE 5]. Plaintiff was also ordered to return a proposed summons for defendant Ericka Herring and return the summons for issuance and service. Plaintiff was notified that failure to do so could result in dismissal of defendant Herring. [DE 5]. Plaintiff has failed to return a proposed summons for defendant Herring for issuance.

Defendants appeared through counsel and filed the instant motion to dismiss. [DE 15]. Plaintiff was notified of his right to respond and he has failed to do so. [DE 17]. The time for responding to the motion to dismiss has passed, and the motion is ripe for ruling.

## DISCUSSION

At the outset, defendant Herring is dismissed for failure to effect proper service. Rule 4 of the Federal Rules of Civil Procedure requires a duly issued summons to be served with a copy of the complaint on each defendant. Fed. R. Civ. P. 4(c)(1); *see also* Fed. R. Civ. P. 4(e). Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

To date, no summons has been issued for defendant Herring and plaintiff has failed to establish that service has been effected on Herring. Plaintiff has further failed to demonstrate good cause for extending the time to effect service on defendant Herring, and he has been notified that failure to return a summons for Herring to the Clerk of Court for issuance may result in the dismissal of Herring. "It is well-settled law that without valid process or service of process, the Court has no jurisdiction over a defendant. Without personal jurisdiction over the defendants, the

2

case must be dismissed." *Stewart v. GM Fin.*, No. 319CV00411FDWDCK, 2019 WL 5850425, at *2 (W.D.N.C. Nov. 7, 2019) (internal citation omitted); *see also* Fed. R. Civ. P. 12(b)(2). Defendants' motion to dismiss defendant Herring is granted, and Herring is dismissed without prejudice.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

The failure to respond to a motion to dismiss permits a court to grant the motion based upon "the uncontroverted bases asserted therein." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). However, the court must still "review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

Plaintiff appears to allege a claim for violation of his due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. To state a substantive due process claim, plaintiff must "demonstrate (1) that [he] had property or a property interest; (2) that the state deprived [him] of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 827 (4th Cir. 1995) (citing *Love v. Pepersack*, 47 F.3d 120, 122 (4th Cir. 1995)). The plaintiff must be able to show that the defendant's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Dean for & on behalf of Harkness v. McKinney*, 976 F.3d 407, 413 (4th Cir. 2020) (citation omitted). To state a procedural due process claim, plaintiff must allege the following elements: (1) "that he had a constitutionally cognizable life, liberty, or property interest;" (2) "that the deprivation of that interest was caused by some form of state action;" and (3) "that the procedures employed were constitutionally inadequate." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (internal quotations and citations omitted).

Plaintiff's complaint fails to plausibly allege a claim for violation of either his substantive or procedural due process rights. Plaintiff's allegations fail to include any act by defendant which could be found to shock the conscience, nor does plaintiff plausibly identify any procedure which he contends was inadequate in the removal of his custody or guardianship. Plaintiff's claim (or claims) against Sampson County Child Protective Services is properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 15] is GRANTED. Defendant Herring is DISMISSED without prejudice. The claim or claims against

4

defendant Sampson County Child Protective Services are DISMISSED with prejudice. The clerk is DIRECTED to close the case.

SO ORDERED, this 13 day of January 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5